IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANOVA FOOD INC., a Georgia corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>MOMMY GINA TUNA RESOURCES, et al.,<br><br>          Defendants.<br>_____ | Civ. No. 09-00201 DAE-BMK<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR IMMEDIATE CONSIDERATION OF COMPLAINT; FINDING AND RECOMMENDATION THAT DEFENDANT KING TUNA, INC.'S MOTION TO DISMISS BE GRANTED |

ORDER DENYING PLAINTIFF'S EX PARTE MOTION
FOR IMMEDIATE CONSIDERATION OF COMPLAINT;
FINDING AND RECOMMENDATION THAT DEFENDANT
KING TUNA, INC.'S MOTION TO DISMISS BE GRANTED

Before the Court are Plaintiff Anova Food, Inc.'s Ex Parte Motion For Immediate Consideration of Complaint and Defendant King Tuna, Inc.'s Motion To Dismiss Complaint.  The Court heard these Motions on May 20, 2009. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court DISMISSES AS MOOT Anova Food's Motion For Immediate Consideration of Complaint and RECOMMENDS that King Tuna's Motion To Dismiss be GRANTED.

Anova Food is a defendant in a Central District of California case: King Tuna, Inc. v. Anova Food, Inc., CV. NO. 07-07451 ODW JWJx.  Trial is set

for June 16, 2009 in that case.  Anova Food filed the present lawsuit, claiming that certain documents, videos, and exhibits filed under seal in various cases within this District[1] (hereinafter, "the Kowalski cases") are "relevant and necessary to just and expeditious resolution of the California case."  However, those materials filed in the Kowalski cases are subject to various Protective Orders issued by this Court.  Because the Protective Orders limit the use and dissemination of those materials, Anova Food asks this Court to release certain materials relevant to the California case.

Anova Food subpoenaed certain documents, videos, and exhibits used in the Kowalski cases from Milton M. Yasunaga, who represented parties in those cases.  Although Mr. Yasunaga was willing to turn over those materials, he thought doing so might violate the Kowalski Protective Orders.  However, the Court subsequently modified the Protective Orders to reflect that they do not apply to the specific materials sought from Mr. Yasunaga.  The Court was satisfied that the materials will be sufficiently protected by the Protective Order issued in the California case.  Given the modification of the Protective Orders, Mr. Yasunaga is now free to turn over the subpoenaed materials to Anova Food.

---

[1] Specifically, the materials were filed in Tuna Processors, Inc. v. Hawaii International Seafood Inc., CV. NO. 05-00517 BMK, Kowalski v. Mommy Gina Tuna Resources, CV. NO. 05-00679 BMK, Kowalski v. Friend, CV. NO. 05-00787 BMK, and Kowalski v. Integral Seafood, CV. NO. 06-00182 BMK.

Anova Food's Ex Parte Motion For Immediate Consideration of the Complaint asks this Court to "release the requested materials for use in the California case." Given that the Court modified the Protective Orders in the <u>Kowalski</u> cases, such that Mr. Yasunaga may turn over all of the materials requested from him, this Motion is DENIED AS MOOT.

King Tuna's Motion To Dismiss Complaint sets forth various reasons why the Complaint should be dismissed. As stated above, however, the Court's modifications of the Protective Orders renders moot all of the relief prayed for in the Complaint. Given that no further relief can be granted in this case, the Court FINDS and RECOMMENDS that King Tuna's Motion To Dismiss Complaint be GRANTED.

To be clear, although this Court modified the Protective Orders, it is not ordering anyone to comply with the subpoenas issued in the California case and does not intend to affect any discovery rulings in that case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 20, 2009.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Anova Food, Inc. v. Mommy Gina Tuna Resources, et al., Civ. No. 09-00201 DAE-BMK; ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR IMMEDIATE CONSIDERATION OF COMPLAINT; FINDING AND RECOMMENDATION THAT DEFENDANT KING TUNA, INC.'S MOTION TO DISMISS BE GRANTED.